IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2013

**STATE OF TENNESSEE v. DOUGLAS RAY MURRELL**

**Appeal from the Circuit Court for Hickman County**
**No. 12-5146CR     Timothy Easter, Judge**

**No. M2013-01171-CCA-R3-CD - Filed December 18, 2013**

The defendant, Douglas Ray Murrell, pled guilty to one count of driving a vehicle under the influence of an intoxicant in violation of Tennessee Code Annotated section 55-10-401(a)(1) (2010), a Class A misdemeanor; pled nolo contendere to one count of failure to maintain lane in violation of Tennessee Code Annotated section 55-8-123, a Class C misdemeanor; and pled guilty to one count of driving a vehicle with a blood alcohol concentration greater than 0.08 percent in violation of Tennessee Code Annotated section 55-10-401(a)(2), a Class A misdemeanor.  The trial court merged the two DUI convictions.  In pleading guilty to the DUI charges, the defendant reserved a certified question pursuant to Tennessee Rule of Criminal Procedure 37, challenging the trial court's conclusion that the initial stop of his vehicle was supported by reasonable suspicion.  After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, and CAMILLE R. MCMULLEN, JJ., joined.

Dale M. Quillen, Nashville, Tennessee, for the appellant, Douglas R. Murrell.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Senior Counsel; Kim Helper, District Attorney General; and Kate Yeager, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

Based on a traffic stop that occurred on May 20, 2012, the defendant was indicted on one count of driving under the influence of an intoxicant, one count of failure to maintain lane, and one count of driving with a blood alcohol concentration of 0.08 percent or greater. The defendant moved to suppress all evidence which resulted from the stop, alleging that the officer did not have reasonable suspicion to stop his vehicle.

At the hearing on the motion to suppress, Deputy Paul Wade testified that on May 20, 2012 he was working the 10:00 p.m. to 6:00 a.m. shift. At some point in the shift, Deputy Wade turned onto Highway 100 behind a maroon vehicle driven by the defendant. He then saw the vehicle cross the fog line three to four times. When the vehicle crossed the line, it would "jerk" back into the lane. The vehicle did not cross the center line. Deputy Wade turned on his blue lights and stopped the vehicle. When he went up to the car to speak with the driver, he smelled an odor of alcohol coming from the vehicle. The defendant had trouble locating his registration and his speech was slurred.

Deputy Wade asked the defendant if he had been drinking and the defendant responded that he had had one or two beers. Deputy Wade then asked the defendant to perform two field sobriety tests, the nine-step-walk-and-turn and the one-legged-stance. The defendant did not perform satisfactorily on either. Deputy Wade again asked the defendant how much he had had to drink, and the defendant responded that he had consumed six beers. Deputy Wade arrested the defendant and the defendant agreed to take a Breathalyzer test. Deputy Wade testified that the Breathalyzer machine needed a 20-minute period to set up prior to testing. He testified he only recalled the defendant blowing into the machine once. The result was 0.168. According to Deputy Wade, the machine would only attempt to get a good reading three times, after which it would shut off.

On cross-examination, Deputy Wade acknowledged that he had previously testified that the defendant crossed the fog line several times without testifying to a number. He did not take notes on the field sobriety tests. Deputy Wade could not recall if he had previously testified or been asked regarding the defendant's statement he drank six beers, but he stated it was in his report. He acknowledged the defendant did not endanger oncoming traffic and testified the defendant drove "[o]ver the [fog] line itself." He agreed that driving over the line could be consistent with playing the radio. Deputy Wade testified that if an insufficient amount is blown into the machine, the machine requires another twenty-minute clearing period.

The defendant testified that he blew into the Breathalyzer three times. On cross-examination, he conceded that he did not dispute the fact that his blood alcohol level was 0.168 percent.

The trial court concluded that the stop was based on specific and articulable facts which supported reasonable suspicion that a crime was afoot. The trial court clarified that it was the defendant's "erratic" driving that justified the stop. The motion to suppress was denied.

On the morning of the scheduled trial, the defendant elected to plead guilty to the indictment, preserving the following certified question: "Whether the initial stop of the defendant's vehicle was supported by reasonable suspicion that a criminal offense had been committed or was about to be committed."

## ANALYSIS

Under Tennessee Rule of Criminal Procedure 37, a defendant may enter a guilty plea and nevertheless raise an issue on appeal under certain circumstances. The defendant may appeal a certified question if there is no plea agreement but the defendant, with the consent of the trial court, explicitly reserved the right to appeal a certified question of law that is dispositive of the case, and if:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(ii)-(iii)-(iv). A question is dispositive when the appellate court is left solely with a choice to either affirm the trial court or dismiss the charges. *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007). The reviewing court must make an independent determination regarding whether the question is dispositive. *Id*. at 135. Here, the judgment of conviction contained a statement of the certified question; the statement clearly identified the scope of the legal issue; the question was expressly reserved with the consent of the State and trial court; and the judgment asserts that all parties and the court believed the question dispositive. Because the legality of the stop is dispositive of the DUI charges against the defendant, we conclude the question was properly reserved, and we

-3-

proceed to review it.

A trial court's findings of fact made in hearing a motion to suppress are binding on the appellate court unless the record preponderates otherwise. *State v. Talley*, 307 S.W.3d 723, 728 (Tenn. 2010). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. *State v. Day*, 263 S.W.3d 891, 900 (Tenn. 2008). The application of the law to the facts is reviewed de novo. *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000).

The Fourth Amendment of the United States Constitution and article I, section 7 of the Tennessee Constitution prohibit unreasonable searches and seizures. An officer's use of flashing blue lights constitutes a seizure. *Day*, 263 S.W.3d at 902. A warrantless search or seizure is presumed unreasonable unless it was conducted pursuant to an exception to the warrant requirement. *State v. Watson*, 354 S.W.3d 324, 329 (Tenn. Crim. App. 2011). Stopping a vehicle based on either probable cause or reasonable suspicion that a traffic violation has occurred is an exception to the warrant requirement. *Id.* "Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Day*, 263 S.W.3d at 902 (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)).

Even when probable cause is not present, "[a] police officer may make an investigatory stop of a motor vehicle when the officer has a reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed." *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992). Reasonable suspicion, a lower threshold than probable cause, still requires more than an "inchoate and unparticularized suspicion or 'hunch.'" *Day*, 263 S.W.3d at 902 (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). In determining the presence of reasonable suspicion, the court must consider the totality of the circumstances, including objective observation; information obtained from other officers or agencies; information obtained from citizens; the pattern of operation of certain offenders; and the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him or her. *Watkins*, 827 S.W.2d at 294.

Tennessee Code Annotated section 55-8-123 states that, when a road is divided into two or more clearly marked lanes for traffic, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver

-4-

has first ascertained that the movement can be made with safety." T.C.A. § 55-8-123(1). The defendant pled nolo contendere to Count 2, charging him with violation of this statute. Deputy Wade testified at the suppression hearing that he observed the defendant's vehicle cross the fog line three or four times, jerking back into the lane after each time. The trial court concluded that this behavior constituted erratic driving and that it gave rise to a reasonable suspicion that a crime had been or was about to be committed.

We conclude that Deputy Wade was justified in stopping the defendant based on the defendant's erratic driving and the defendant's violation of Tennessee Code Annotated section 55-8-123(1). *See State v. Vineyard*, 958 S.W.2d 730, 736 (Tenn. 1997) (holding that a violation of traffic laws constitutes probable cause for a stop); *Watson*, 354 S.W.3d at 331 (concluding that there was reasonable suspicion for a stop when police observed the defendant leave a bar and cross the center line once and the fog line twice); *see also State v. Black*, No. W2013-00249-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 820, at *6 (Tenn. Crim. App. Sept. 18, 2013) (finding probable cause for stop when officer observed vehicle cross center line twice and fog line once); *State v. McGee*, No. E2011-01756-CCA-R3-CD, 2012 WL 4017776, at *4 (Tenn. Crim. App. Sept. 13, 2012) (concluding that stop was justified where vehicle had been reported as moving erratically and where defendant changed lanes without signaling and crossed fog line twice); *State v. Hunt*, No. M2009-01169-CCA-R3-CD, 2010 WL 2977882, at *5 (Tenn. Crim. App. July 30, 2010) (upholding seizure where defendant's vehicle moved in and out of his lane and crossed white stripe into median); *State v. Allen*, No. 01C01-9707-CC-00272, 1998 WL 458177, at *3 (Tenn. Crim. App. Aug. 7, 1998) (upholding seizure where out-of-state vehicle crossed the fog line three times at night). *But cf. State v. Binette*, 33 S.W.3d 215, 219 (Tenn. 2000) (finding stop of vehicle which was weaving slightly within its lane and which touched the center line twice was not justified); *State v. Smith*, 21 S.W.3d 251, 258 (Tenn. Crim. App. 1999) (holding that stop was illegal where defendant changed lanes without signaling and drove on white line but there was no evidence of erratic driving, weaving, or hazard to other vehicles); *State v. Levitt*, 73 S.W.3d 159, 174 (Tenn. Crim. App. 2001) (concluding that, under totality of circumstances, driver's action in driving slowly on the shoulder for a brief interval to pass what he reasonably thought was the scene of an accident did not violate T.C.A. § 55-8-123(1)). Here, the defendant was traveling on the highway. He crossed the fog line and then jerked back into his lane, without apparent cause, three times during the night of May 20, 2012. Because the stop was justified by reasonable suspicion that a crime had been or was about to be committed, the trial court properly denied the defendant's motion to suppress.

**CONCLUSION**

Based on the foregoing, the judgment of the trial court is affirmed. However, we remand for correction of the judgment sheet in count two, which incorrectly shows the

defendant sentenced to probation for thirty months rather than thirty days.

_____
JOHN EVERETT WILLIAMS, JUDGE