# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 08, 2014 Session

## STATE OF TENNESSEE v. ANDREW QUINN

### Appeal from the Circuit Court for Williamson County
### No. IICR116860     James G. Martin, III, Judge

_____

### No. M2013-01683-CCA-R3-CD - Filed May 14, 2014

_____

The defendant, Andrew Quinn, appeals a certified question of law pertaining to the stop of his vehicle and the denial of a motion to suppress. Finding no error, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mark L. Puryear, III, Franklin, Tennessee, for the appellant, Andrew Quinn.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Kim Helper, District Attorney General; and Carlin Hess, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant entered a conditional plea of guilty to driving under the influence, simple possession of a controlled substance, and possession of drug paraphernalia. He reserved a certified question of law with regard to the stop of his vehicle.

## FACTS

Trooper Charles Archinger was the only witness at the motion to suppress. Trooper

Archinger testified that he had served with the Highway Patrol for nine years and worked the midnight shift in Williamson County. On March 4, 2012, around 3:38 a.m., he was traveling on Interstate 65 and observed a pickup truck drift over onto the shoulder of the road. He observed the right two passenger wheels all the way over the right fog line onto the shoulder with a gap of approximately two to three inches in between the tire and the line. The tires remained across the white line for a few seconds. Trooper Archinger positioned his vehicle behind the pickup truck, which exited up the ramp to Concord Road. The exit ramp curves, and he observed the pickup truck cross over the line to the left. The truck went completely over the fog line to the left, with a two to three inch gap between the driver's side tires and the solid white fog line, for two or three seconds. To the left where the tires crossed the line was grass and a guardrail, and the tires appeared to get fairly close to the grass and the guardrail. The trooper initiated a traffic stop based on his observations of the truck failing to maintain its lane of travel.

## Certified Question on Stop of Vehicle

The certified question with regard to the stop is whether the trial court erred in denying the Defendant's motion to suppress the stop of the Defendant's motor vehicle on March 4, 2012, due to the traffic stop being unconstitutional. The Defendant argues that the stop was unconstitutional because Trooper Achinger did not have a warrant or a reasonable suspicion or probable cause, supported by specific and articulable facts, to believe that the Defendant had committed, was committing or was about to commit a crime when the stop was made.

## ANALYSIS

On appeal from a trial court's ruling on a motion to suppress, the trial court's findings of fact should be upheld unless the evidence preponderates to the contrary. *State v. Hanning*, 296 S.W.3d 44, 48 (Tenn. 2009). The credibility of witnesses, the weight and value of the evidence, and the resolution of conflicts in the evidence are matters entrusted to the trial judge. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). As is customary, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)).

The authorities must have probable cause or an "articulable and reasonable suspicion" to believe that a traffic violation has occurred when they initiate a traffic stop. *Whren v. United States*, 517 U.S. 806, 810 (1996); *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979); *accord State v. Vineyard*, 958 S.W.2d 730, 736 (Tenn. 1997). Reasonable suspicion exists when "specific and articulable facts . . . taken together with

rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). An investigatory traffic stop under *Terry* "is a far more minimal intrusion [than an arrest pursuant to probable cause], simply allowing the officer to briefly investigate further. If the officer does not learn facts rising to the level of probable cause, the individual must be allowed to go on his way." *Illinois v. Wardlow*, 528 U.S. 119, 126, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000). However, officers must have some reasonable basis to warrant investigation; a mere "inchoate and unparticularized suspicion or 'hunch'" is not enough to generate reasonable suspicion. *Terry*, 392 U.S. at 27.

Tennessee's courts have also had ample opportunity to apply the reasonable suspicion standard. We have held that reasonable suspicion is "a particularized and objective basis for suspecting the subject of a stop of criminal activity." *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). The courts must look to the totality of the circumstances, *State v. Levitt*, 73 S.W.3d 159, 172 (Tenn. Crim. App. 2001) (citing *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 66 L. Ed. 2d 621 (1981); *Ornelas v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)), to determine whether an officer reasonably believed that the operator of a vehicle had either committed a crime or was about to commit a crime. *Levitt*, 73 S.W.3d at 172; *State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

The trial court found that the officer had reasonable suspicion to initiate a traffic stop. The officer in the early morning hours observed a vehicle cross the fog line two times, once to the right and another to the left. Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld. In other words, a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise.

The Defendant maintains that he did not violate the law while drifting over the fog line on the exit ramp because that was a single lane of traffic. A showing of reasonable suspicion does not require an actual violation of the law because "*Terry* accepts the risk that officers may stop innocent people" to investigate further. *Wardlow*, 528 U.S. 119 at 126, 120 S. Ct. 673, 145 L. Ed. 2d 570; *State v. Brotherton*, 323 S.W.3d 866, 871 (Tenn. 2010).

We have also reviewed the videotape, and conclude that it confirms Trooper Achinger's testimony. Trooper Achinger testified that he did not activate the videotape until after the first instance of the tires crossing the fog line, and the guardrail blocked the view somewhat of the second instance, but when he came around the corner he could see the tires

over the line near the grassy area. In the video one can see the driver's side tires of the defendant's vehicle on the left across the fog line very near the grass and guardrail. The trial court found Trooper Achinger's testimony to be credible, and we do not conclude that the videotape contradicts this testimony or demonstrates that the record preponderates against the trial court's determination. The record supports the trial court's determination that Trooper Achinger had reasonable suspicion to stop the Defendant, and thus, there is no basis upon which to reverse the trial court's denial of the motion to suppress.

Other cases have relied on similar facts in upholding the trial judge's decision to find a stop of a vehicle permissible. *See, e.g. State v. Watson*, 354 S.W.3d 324, 331 (Tenn. Crim. App. 2011) (holding that crossing the yellow line once and the fog line twice created probable cause to initiate a traffic stop); *Vineyard*, 958 S.W.2d at 736 (holding that a violation of the traffic law "constitutes probable cause justifying" a traffic stop); *State v. Matthew T. McGee*, No. E2011-01756-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 724, at *10 (Tenn. Crim. App. Sept. 13, 2012) (holding that reasonable suspicion and probable cause for a traffic stop existed when an officer received a report of a described car driving erratically and saw the car cross the fog line twice and attempt to change lanes without signaling). We similarly conclude that the evidence does not preponderate against the finding by the trial court.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOE H. WALKER, III, SPECIAL JUDGE